# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Hartford Life and Accident Insurance Company, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 3:13-cv-101 |
| vs. | )<br>) **REPORT AND RECOMMENDATION** |
| Ronald Rogers, Harvey M. Spear, and Ruth A. Spear, | )<br>)<br>) |
| Defendants. | ) |

Plaintiff Hartford Life and Insurance Company ("Hartford") filed an interpleader action pursuant to 28 U.S.C. § 1335. The court previously granted Hartford's motion for leave to deposit funds into the registry of the court as required by 28 U.S.C. § 1335(a)(2). (See Order, Doc #25). Hartford has now filed a motion to be dismissed from the interpleader action with prejudice. (Doc. #27). Hartford also seeks an order enjoining the defendants from bringing an action for benefits under the insurance policy and requests attorneys' fees and costs in the amount of $5,546.04 to be paid from the funds deposited into the court registry. Id. Defendants have not responded to the motion. Hartford indicates in its memorandum in support of the motion that defendants Harvey M. Spear and Ruth A. Spear (collectively referred to as the "Spears") consent to the motion including the amount of fees and costs. (See Memorandum, Doc. #28, pp. 5, 9, 10). Defendant Ronald Rogers is currently in default. (See Clerk's Entry of Default, Doc. #30).

## Background

Elizabeth Rogers, a former employee of U.S. Bank, elected accidental-death coverage issued by Hartford under a benefit plan sponsored by U.S. Bank and governed by the Employee

Retirement Income Security Act of 1974 ("ERISA"). Elizabeth named her husband, Ronald Rogers, as the beneficiary. (Death Claim Report, Doc. #29-1, p.7). Elizabeth Rogers died from a gunshot wound to her head and Ronald Rogers pleaded guilty to her murder. (Death Certificate, Doc. #29-3, p.2); State v. Rogers, Cass County Case No. 09-2013-CR-00603. Ronald Roger's conviction is currently on appeal before the North Dakota Supreme Court.

The Spears, who are the parents of Elizabeth Rogers, submitted a claim to Hartford for the accidental-death benefit and noted that North Dakota's "slayer statute," codified at N.D. Cent. Code § 30.1-10-03, prevents Ronald Rogers from collecting the benefit. (Claim, Doc. #29-5, pp. 2-5). Hartford contacted Ronald Roger's attorney to inquire whether Mr. Rogers would release any claim to the benefit. (E-mail, Doc. #29-6, p. 2). Ronald Roger's attorney informed Hartford that Mr. Rogers will not release any claim to the benefit under the policy. Id. Hartford filed this interpleader action because it can not determine whether to pay the benefit in accordance with the plan, or whether the beneficiary is prohibited from collecting the benefit.

**Law and Discussion**

There are commonly two stages in interpleader actions. "During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." United States v. HighTech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001)). "During the second stage, the court determines the respective rights of the claimants to the fund . . . ." Id. This interpleader action is at the first stage.

Federal district courts have original jurisdiction over any interpleader action where the amount in controversy is $500 or more, two or more of the adverse claimants are of diverse citizenship, and the plaintiff has deposited the amount in controversy into the registry of the court. 28 U.S.C. § 1335(a). Here the amount in controversy is more than $200,000, and the money has been deposited into the registry of the court. (Death Claim Report, Doc. #29-1, p.7; Aff. of Asp, Doc. #29, p. 3). Additionally, the adverse claimants are of diverse citizenship. The Spears are citizens of New York and Ronald Rogers is a citizen of North Dakota. (Complaint, Doc. #1, p. 2). Jurisdiction is proper under 28 U.S.C. § 1335(a).

Ronald Rogers' and the Spears' claims are adverse and Hartford is threatened with double liability. ERISA requires Hartford to pay the benefit to Ronald Rogers in accordance with the plan. See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 555 U.S. 285, 299-300 (2009). However, North Dakota's "slayer statute" may prevent Ronald Rogers from collecting the benefit. See N.D. Cent. Code § 30.1-10-03. The question of whether ERISA preempts North Dakota's "slayer statute" is unresolved. Therefore, it was permissible for Hartford to file an interpleader action so the court can decide how the benefit should be paid. Accordingly, it is **RECOMMENDED** that Hartford be dismissed from the case with prejudice and be released from any liability, and that the intepleader defendants be enjoined from instituting any action against Hartford regarding the accidental-death coverage under the insurance policy.

The court has discretion to award reasonable attorneys' fees to a stakeholder in an interpleader action from the funds deposited in the registry of the court. See N.Y. Life Ins. Co. v. Miller, 139 F.2d 657, 658 (8th Cir.1944) ("If the [insurance company] had brought an independent suit in interpleader, it would have been entitled to an allowance for attorneys' fees

3

to be determined by the District Court and paid out of the fund in Court."); Wright, Miller & Kane, supra, § 1719 ("A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so."). A court may award attorneys' fees and costs to an interpleader plaintiff "if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Metro. Life Ins. Co. v. Kubichek, 83 F. App'x 425, 431 (3d Cir.2003); see also Wright, Miller & Kane, supra, § 1719 ("Typically they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability."). All of the factors weigh in Hartford's favor. Hartford is a disinterested stakeholder and is entitled to reasonable attorneys' fees and costs. Hartford incurred attorneys' fees in the amount of $6,135, but came to an agreement with the Spears to reduce the amount to $5,000. (Aff. of Asp, Doc. #29, p. 2; Memorandum, Doc. #28, p. 10). The costs incurred by Hartford are for delivery services, postage and express delivery, and court fees totaling $546.04. (Aff. of Asp., Doc. #29, p. 3). The total amount requested by Hartford is reasonable in this case. Accordingly, it is further **RECOMMENDED** that Hartford be awarded $5,546.04 in attorneys' fees and costs payable from the funds deposited into the registry of the court.

    Dated this 16th day of June, 2014.

                                                                 /s/ *Karen K. Klein*
                                                                  Karen K. Klein
                                                                  United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Court Civil Rule 72.1(D)(3), any party may file written objections to this Report and Recommendation. Objections are due by July 3, 2014.