# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Hartford Life and Accident Insurance Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No: 3:13-cv-101<br>) |
| Ronald Rogers, Harvey M. Spear, and Ruth A. Spear, | ) **REPORT AND RECOMMENDATION**<br>)<br>) |
| Defendants. | ) |

Plaintiff Hartford Life and Accident Insurance Company ("Hartford") filed a complaint for statutory interpleader to resolve allegedly competing claims for the proceeds of an accidental death and dismemberment insurance policy in the amount of $212,614.19. (Doc. #1). Defendants Harvey M. Spear and Ruth A. Spear (collectively referred to as "the Spears") filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. #33). Defendant Ronald Rogers has not appeared in this action and is currently in default. (See Clerk's Entry of Default, Doc. #30).[1] Hartford and the Spears waived their right to proceed before a district judge and consented to proceed before a magistrate judge. (Doc. #4, Doc. #17), but since Rogers is in default, the magistrate judge must issue a report and recommendation rather than an order on the Spears' motion.

## Factual Background

Elizabeth Rogers, a former U.S. Bank employee, had accidental-death coverage issued by Hartford under a benefit plan sponsored by U.S. Bank and governed by the Employee

---

[1] The court notes there is a report and recommendation pending regarding Hartford's motion to be dismissed from the interpleader action. (See Doc. #27, Doc. #35).

Retirement Income Security Act of 1974 ("ERISA"). (Doc. #10, Doc. #34). Elizabeth named her husband, Ronald Rogers, as the beneficiary. (Death Claim Report, Doc. #29-1, p. 7). Elizabeth died from a gunshot wound to her head and Ronald Rogers plead guilty to her murder. (Death Certificate, Doc. #29-3, p.2); State v. Rogers, Cass County Case No. 09-2013-CR-00603. Ronald Rogers' conviction was affirmed on appeal by the North Dakota Supreme Court. State v. Rogers, 2014 N.D. 134, ¶30, 848 N.W.2d 257, 266.

It is undisputed that the Spears are Elizabeth Rogers' parents. (Aff. of Harvey M. Spears, Doc. #37). The Spears submitted a claim to Hartford for the accidental-death benefit and noted that North Dakota's "slayer statute," codified at N.D. Cent. Code § 30.1-10-03, prevents Ronald Rogers from collecting the benefit. (Claim, Doc. #29-5, pp. 2-5). Hartford contacted Ronald Rogers' attorney to inquire whether Rogers would release any claim to the benefit. (E-mail, Doc. #29-6, p.2). Ronald Rogers' attorney informed Hartford that Rogers will not release any claim to the benefit under the policy. Id. However, as stated above, Ronald Rogers has not appeared in this action and is currently in default. (See Clerk's Entry of Default, Doc. #30).

**Law and Discussion**

Under the Federal Rules of Civil Procedure Rule 12(c) a party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial . . . ." Fed R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Minch Family LLLP v. Buffalo-Red River Watershed Dist., 628 F.3d 960, 965 (8th Cir. 2010). The Spears timely filed a motion for judgment on the pleadings asserting they are entitled to the benefits under the policy as a matter of law because defendant Rogers is disqualified under North Dakota's slayer statute. (Doc. #34). Through its interpleader complaint, Hartford

acknowledged its obligation to pay out benefits under the policy but asserts it is unable to determine whether the Spears or Ronald Rogers is entitled to the benefits under the competing legal standards of ERISA, North Dakota's slayer statute, and federal common law principles. (Doc. #19).

ERISA's broad preemption clause states ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a); Egelhoff v. Egelhoff, 532 U.S. 141, 146 (2001). A state law relates to an ERISA plan when "it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983). In Egelhoff, the Supreme Court declined to rule on the issue of preemption and state slayer statutes but noted in dicta "the principle underlying the [slayer] statutes–which have been adopted by nearly every State–is well established in law and has a long historical pedigree predating ERISA. And because the statutes are more or less uniform nationwide, their interference with the aims of ERISA is at least debatable." Egelhoff, 532 U.S. at 152 (internal citations omitted).[2]

When ERISA preempts state law but is itself silent on a topic, courts should resolve the issue by examining federal common law. See Cadle v. Shelton, No. 2:11-cv-00787, 2013 WL 1282372 ("If ERISA preempts state law, because of the absence of any ERISA or Plan provision on point, the Court would apply federal common law to decide the proper recipient of benefits in a slayer scenario."); see also Admin. Comm. for the H.E.B. Inv. & Ret. Plan v. Harris, 217

---

[2] The court notes the Supreme Court also declined to address the issue of preemption and slayer statutes in Kennedy v. Plan Adm'r for Dupont Sav. & Inv. Plan, 555 U.S. 285, 304 n. 14 (2009).

F.Supp.2d 759, 761 (E.D. Tex. 2002) ("When no controlling plan or statutory provision exists governing disbursement of insurance proceeds under an ERISA plan, federal common law decides which of the competing claimants received insurance proceeds."); Manning v. Hayes, 212 F.3d 866, 870-72 (5th Cir. 2000) (holding that the district courts should employ federal common law when a beneficiary and a non-beneficiary of ERISA benefits have competing claims). It is well established in federal law and North Dakota state law that a person should not financially benefit from the felonious or intentional killing of another human being. Giles v. California, 554 U.S. 353, 384 (2008) (citing New York Mut. Life Ins. Co. v. Armstrong, 117 U.S. 591, 600 (1886)); N.D. Cent. Code § 30.1-10-03; Norman v. Leingang, 521 N.W.2d 395, 399 (N.D. 1994). Given this long-standing principle, it is highly unlikely Congress intended to ensure recovery of ERISA benefits to someone who intentionally or feloniously killed another human being. See Harris, 217 F.Supp.2d at 761 (holding ERISA does not preempt the state slayer statute because awarding benefits to the "slayer" would be contrary to federal common law and the congressional intent for ERISA).

In the instant case, it is undisputed Elizabeth was murdered by her husband, defendant Rogers, who was also the named beneficiary of the policy. It is also undisputed ERISA itself and Elizabeth's insurance policy governed by ERISA do not provide guidance regarding disbursement of benefits in state slayer statute scenarios. (See Doc. #10-1). In light of the long-standing principle against permitting slayers to benefit financially from the intentional or felonious killing of another, it would contradict federal common law and the congressional intent for ERISA to allow defendant Rogers to recover ERISA benefits.

## Conclusion

Accordingly, ERISA does not preempt North Dakota's slayer statute because awarding benefits to the defendant Rogers is contrary to federal common law and congressional intent for ERISA. Rogers is disqualified under the slayer statute to receive any benefit under the Hartford policy. Instead, the Spears are entitled to receive the entire benefit. It is **RECOMMENDED** the Spears' motion for judgment on the pleadings (Doc. #33) be **GRANTED** and judgment be entered in favor of the Spears.

Dated this 26th day of September, 2014.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than October 14, 2014, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.